

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. A. Taylor
County Auditor
Brazoria County
Angleton, Texas

Dear Sir:

Opinion No. O-3443
Re: Can a bill for rental on
a pick-up used by one of
the road men employed by
one of the commissioners
be legally approved by
the county auditor?

Your recent request for an opinion of this department on the above stated question has been received.

We quote from your letter as follows:

"I note in your opinion number O-752, dated May 16th, 1939, addressed to Robert F. Cherry, County Attorney, Bosque County, 'That commissioners' courts operating under the general road laws of this State, are not empowered or authorized to buy automobiles, pickups or trucks for the county to be used by the commissioners in the performance of their duties, nor is the county authorized to pay the expenses of such commissioners, incurred by them in the operation of their privately owned automobiles in the conduct of their office.'

"A bill has been presented to me for approval, for rental on a pick-up by one of the road men employed by one of the commissioners. This vehicle was used by this employe in the discharge of his duties on the roads of the county. Can I legally approve this claim for payment?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

This department has heretofore held in Opinion Nos. 0-752, and 0-996 that the commissioners' court in counties operating under the General Road Law of the State of Texas, as set out in Title 44, Vol. 7, Vernon's Annotated Civil Statutes, is not empowered or authorized to buy automobiles, pick-ups, or trucks for the county to be used by the commissioners in the performance of their duties as county commissioners.

In Opinion No. 0-2562, it was held that the commissioners' court of Hardin County had no authority to purchase and pay for tires and tubes for an automobile owned by a county commissioner which he used in the conduct of county business. In Opinion No. 0-1918, it was held that the commissioners' court of Dallas County had no legal authority or power to use the county funds for payment of expenses incurred in connection with automobiles driven by the county commissioners.

In an opinion of this department dated August 5, 1920, and published at p. 114 of the Biennial Report for the years 1918-1920, it was held that the county commissioners are not authorized to purchase and pay for gasoline or other automobile supplies and submit their claims therefor to the commissioners' court for audit and allowance, and claims for such supplies furnished for such purposes are not legitimate charges against the county, whether so purchased and paid for by the commissioners or sold direct to the county by the dealer. This opinion cites the cases of Knippa v. Stewart Iron Works, 66 S. W. 332; Rigby v. State, 10 S. W. 760; and Harris v. Hammond, 203 S. W. 445.

You state in your letter that, "this vehicle was used by this employee in the discharge of his duties on the roads of the county." This being true, it is our opinion, that the county auditor can legally approve the above mentioned claim. Provided, however, the commissioners' court rented the "pickup" or legally authorized some one to do so for the purpose of said employee performing and discharging his duties on, or in connection with the public roads of the county.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED MAY 23, 1941

AW:RS

Glenn R. Lewis
Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN